IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>vs.<br><br>PAUL LAURENCE BRIGGS<br><br>Defendant. | MEMORANDUM DECISION<br><br><br><br>Case No. 2:08-CR-283 |

Before the Court is defendant Paul Laurence Briggs' "Objection to Pre-sentence Report." (Dkt. No. 52). Notably, Mr. Briggs "objects to the characterization that his crime is punishable by a minimum of ten years imprisonment." *Id.* A hearing was held on April 14, 2011, with Jeremey M. Delicino representing Mr. Briggs and Karin M. Fojtik representing plaintiff United States of America. After considering the briefs and oral arguments presented by counsel, the Court enters the following Memorandum Decision.

On September 28, 1998, Mr. Briggs pleaded guilty in Utah's Third District Court to

attempted sexual abuse of a child in violation of U.C.A. § 76-5-404.1. In providing a factual basis for that plea, Mr. Briggs admitted that "[o]n or about July 1992, in Salt Lake County, Utah, Defendant [Briggs] attempted to touch the genitals of a child born on 12/10/1986 with the intent to arouse or gratify his sexual desires." *See Statement of Defendant* page 2 filed in the Third District Court, District of Utah dated September 28, 1998.

On December 23, 2008, Mr. Briggs pleaded guilty in this Court to possession of child pornography in violation of 18 U.S.C.§ 2252. (Dkt. No. 34, 36). Prior to sentencing for the later crime, the Federal Probation Office prepared a Pre-Sentence Report ("PSR"). The PSR states that 18 U.S.C. § 2252(b)(2) requires Mr. Briggs' sentence for the possession charge be enhanced because of his 1998 Utah state conviction. Section 2252(b)(2) requires a mandatory minimum ten-year sentence if a defendant has a prior conviction "under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or a ward." The PSR concludes that Mr. Briggs' 1998 Utah conviction serves as a valid Section 2252(b)(2) prior conviction, or "predicate conviction." Mr. Briggs disagrees and objects to the PSR and this conclusion. (Dkt. No. 52).

Mr Briggs' objection is based on the language of the Utah statute which states, in part:

> A person commits sexual abuse of a child if, under circumstances not amounting to rape of a child, object rape of a child, sodomy upon a child, or an attempt to commit any of these offenses, the actor touches the anus, buttocks, or genitalia of any child, the breast of a female child, or otherwise takes indecent liberties with a child, or causes a child to take indecent liberties with the actor or another with intent to cause substantial emotional or bodily pain to any person or with the intent to arouse or gratify the sexual desire of any person regardless of the sex of any participant.

U.C.A. § 76-5-404.1(2).

Mr. Briggs maintains that because the statute can be violated if a person intends "to cause substantial emotional or bodily pain to any person," it contemplates actions outside the scope of sexual abuse. In support of this assertion, Mr. Briggs cites the Utah Supreme Court case of *State v. Lowder*, 889 P.2d 412 (1994). Mr. Briggs asserts that "[b]ecause the state statute at issue in the defendant's predicate offense proscribes a much broader range of conduct, it cannot serve as the predicate offense here." (Dkt. No. 52 at 2). While the assertion that the statute criminalizes non-sexual abuse maybe correct, Mr. Briggs has provided no support showing that the statute's overbreadth necessarily invalidates its use as a predicate conviction. Indeed, Mr. Briggs' memorandum is so short and lacking in analysis that this Court found necessary to assume, based on oral argument at the sentencing hearing, that Mr. Briggs' argument is based on use of the Categorical Approach first articulated by the United States Supreme Court in *Taylor v. United States*, 495 U.S. 575 (1990).

The Tenth Circuit Court of Appeals addressed statutory overbreadth and use of the Categorical Approach in *United States v. McCutchen*, 419 F.3d 1122 (10th Cir. 2005) and *United States v. Becker*, 625 F.3d 1309 (10th Cir. 2010). In both cases, the court found that the Categorical Approach should not be applied to Section 2252(b) matters.

In *McCutchen*, a defendant pleaded guilty to possession of child pornography. *McCutchen*, 419 F.3d at 1122. Previously, the defendant pleaded guilty to sexual battery in violation of a Kansas statute that made it a crime to commit sexual battery against the person of another. *Id.* The statute made no reference to the age of the victim. *Id.* At sentencing for

-3-

possession of child pornography, the defendant received a Section 2252(b) enhancement. *Id.* The defendant objected and appealed to the Tenth Circuit Court of Appeals. *Id.* In his appeal, the defendant attempted to invoke the Categorical Approach by arguing that because the Kansas statue contemplated activity outside that of sexual abuse of a minor, it was overbroad and could not serve as a Section 2252(b) predicate conviction. *Id* at 1126.

The Tenth Circuit Court of Appeals rejected this argument and held that the Categorical Approach does not apply to Section 2252(b). *Id* at 1127. The court found Section 2252(b)'s use of the language "relating to" a critical feature that distinguishes Section 2252(b) form other statutes where the court applied the Categorical Approach. *Id* at 1126. The court interpreted this language to be purposely broad and designed to "allow a sentencing court to look beyond the mere elements of a prior state conviction in determining whether such conviction is sufficient to trigger application of the sentence enhancement provisions." *Id* at 1127.

In *Becker*, a defendant pleaded guilty to possession of child pornography. *Becker*, 625 F.3d at 1312. At sentencing, the defendant received a Section 2252(b) enhancement. *Id.* The predicate offense justifying the enhancement was the defendant's guilty plea to an Illinois state charge of indecent solicitation of a child. *Id.* The defendant objected to the enhancement claiming that the phrase "relating to" sexual abuse should not apply to inchoate crimes. *Id.* The Tenth Circuit Court of Appeals rejected this argument and found "relating to . . sexual abuse" to be broad and included crimes that "stand in some relation to" sexual abuse including inchoate crimes. *Id* at 1311.

In accordance with *McCutchen*, this Court looks beyond the mere language of U.C.A. §

76-5-404.1 and examines relevant facts connected with Mr. Briggs' predicate offense. Like the defendant in *Becker,* Mr. Briggs pleaded guilty to an inchoate crime of a sexual nature. In his guilty plea for that crime, Mr. Briggs admitted "[o]n or about July 1992, in Salt Lake County, Utah, Defendant [Briggs] attempted to touch the genitals of a child born on 12/10/1986 with the intent to arouse or gratify his sexual desires." *See Statement of Defendant* page 2 filed in the Third District Court, District of Utah dated September 28, 1998. This statement, that Mr. Briggs' intention was to abuse a child for his own personal sexual gratification, is evidence enough to persuade the Court that Mr. Briggs' predicate crime relates to sexual abuse of a minor.

For these reasons, the Court holds that Mr Briggs' 1998 conviction is "relating to" sexual abuse mandating the sentencing enhancement required by 18 U.S.C. § 2252(b).

DATED this 25 day of April, 2011.

Dee Benson

United States District Judge